FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

14 OCT 30 PM 1:12

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

STEVEN WIRTZ, on behalf of himself
and others similarly situated;

    Plaintiff,

v.                           Case No.:

SUBURBAN GAS PROPANE PARTNERS,
LLC, a Maryland Limited Liability Company;
d/b/a THOMPSON GAS – SMOKIES, LLC;

2:14-cv-638-FtM-29DNF

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Steven Wirtz ("Plaintiff") on his own behalf and on behalf of other employees and former employees similarly situated, by and through the undersigned counsel, files this Complaint against Defendant, Suburban Gas Propane Partners d/b/a Thompson Gas – Smokies, LLC, a Maryland limited liability company ("Company"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. §201, et seq., to recover unpaid overtime wages, an additional equal amount in liquidated damages, obtain declaratory relief and to recover reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as these claims arise under 29 U.S.C. §216(b) and §207(a).

3. Venue is proper in this Court because the Plaintiff resides within the District and Defendant maintains business operations within the District.

## PARTIES

4. At all times material hereto, Plaintiff was and continues to be a resident of Charlotte County, Florida.

5. At all times material hereto, Defendant was a Maryland limited liability company engaging in substantial business in Florida, Charlotte County and the Middle District of Florida.

## FACTS

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant is in excess of $500,000.00 per annum during the relevant time periods.

11. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

12. At all times material to this action, Defendant was required to follow FLSA requirements regarding overtime payments to Plaintiff.

13. On or about February 16, 2012, Plaintiff entered into an employment contract ("Contract") with Defendant. ("Exhibit A").

14. The Contract provided that Plaintiff would receive an annual base salary of $56,000.00 plus commission earnings.

15. Plaintiff was to receive 4% of the GMD (Gross Margin Dollars) on all new propane gallons sold for Thompson Gas Orlando for a 12 month period as stated within Schedule A of the Contract.

16. Plaintiff was to receive 7% of the gross sale amount for Non-Gas sales with a 35% mark up or more as stated within Schedule A of the Contract.

17. On or about July 18, 2012, Plaintiff signed the first amendment to the employment contract ("Amended Contract") ("Exhibit B").

18. The Amended Contract provided that Plaintiff would receive an annual base salary of $56,000.00 per year plus commission earnings.

19. Plaintiff was to receive 13% of the GMD (Gross Margin Dollars) on all new propane gallons sold by Employee for Bonita Springs branch for a 12 month period as stated within First Amended Schedule A of the Amended Contract.

20. Plaintiff was to receive 7% of the gross sale amount for Non-Gas sales made by Employee for sales with a 35% markup or more as stated within First Amended Schedule A of the Amended Contract.

21. During the course of Plaintiff's employment, Defendant unilaterally and improperly reduced Plaintiff's commission rate resulting in Plaintiff receiving less than he earned.

22. Further, and during the course of Plaintiff's employment, Defendant knowingly required Plaintiff to work hundreds of hours of overtime, but did not pay Plaintiff amounts due for overtime.

23. Plaintiff does not qualify for any exemption to the overtime requirements of the FLSA.

24. On or about June 17, 2014, Plaintiff was terminated from his employment.

25. Prior to termination, Plaintiff had secured substantial sales contracts with customers thereby earning substantial commissions.

26. However, Defendant has refused to pay Plaintiff the commissions he is owed.

27. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of (40) hours per week as required by the FLSA.

28. The additional persons who may become plaintiffs in this action are the salary plus commission paid, who held similar positions to Plaintiff, employees who worked for Defendant and who worked in excess of forty (40) hours during one or more workweeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours when they worked for Defendant and were not exempt to the overtime requirements of the FLSA.

29. Upon information and belief, the complete records, to the extent they exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated employees are in the possession and custody of Defendant.

30. Defendant has violated Title 29 U.S.C. §207 from at least February 16, 2012 and continuing through at least June 17, 2014 by:

   a. Allowing or requiring Plaintiff to work in excess of forty (40) hours per week for the period of his employment with Defendant;

   b. Making no payments, or provisions for payment, to properly compensate Plaintiff and similarly-situated employees at the statutory rate of one and one-half times Plaintiffs' regular rate for those hours worked in excess of forty (40) hours per workweek as provided by the FLSA; and

   c. Failing to maintain proper time records as mandated by the FLSA.

31. Plaintiff has retained the law firm of Parrish, White and Yarnell, P.A., to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207**
**OVERTIME COMPENSATION**

32. Plaintiff realleges and reavers paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33. From at least February 16, 2012 and continuing through at least June 17, 2014, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

34. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

35. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

36. Defendant refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

37. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

38. At all times material hereto, Defendant failed to comply with Title 29 and the United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decisions that intentionally failed to provide for the compensation of such employees at a rate less than time and one-half for their overtime hours.

39. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendant has failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and one-half of their regular rate of pay for such hours pursuant to a policy that ignores the FLSA requirements.

40. Plaintiff has retained the law firm of Parrish, White & Yarnell, P.A. to represent him in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

41. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment entered in his favor and those similarly situated against Defendant:

   a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

   b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

   c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

   d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   e. Awarding Plaintiff pre-judgment interest;

   f. Issue an Order as soon as is practicable, authorizing Plaintiff to send Notice of the instant lawsuit to all similarly situated salary paid operation managers employed by Defendant within the past 3 years; and

   g. Ordering any further relief the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT

42. Plaintiff realleges and reavers paragraphs 1 through 31 of the Complaint as if fully set forth herein.

43. The court has jurisdiction over this claim pursuant to 28 U.S.C. §1367.

44. On or about February 16, 2012, Plaintiff entered into an employment contract ("Contract") with Defendant. ("Exhibit A"). Plaintiff was to receive 4% of the GMD (Gross Margin Dollars) on all new propane gallons sold for Thompson Gas Orlando for a 12 month period as stated within Schedule A of the Contract. Plaintiff was to receive 7% of the gross sale amount for Non-Gas sales with a 35% mark up or more as stated within Schedule A of the Contract.

45. On or about July 18, 2012, Plaintiff signed the first amendment to the employment contract ("Amended Contract") ("Exhibit B").

46. The Amended Contract provided that Plaintiff would receive an annual base salary of $56,000.00 per year plus commission earnings.

47. Plaintiff was to receive 13% of the GMD (Gross Margin Dollars) on all new propane gallons sold by Employee for Bonita Springs branch for a 12 month period as stated within First Amended Schedule A of the Amended Contract.

48. Plaintiff was to receive 7% of the gross sale amount for Non-Gas sales made by Employee for sales with a 35% markup or more as stated within First Amended Schedule A of the Amended Contract.

49. Defendant breached the agreement with Plaintiff.

50. During the course of Plaintiff's employment, Defendant unilaterally and improperly reduced Plaintiff's commission rate resulting in Plaintiff receiving less than he earned.

51. Defendant breached the agreement with Plaintiff by failing to pay commissions and amounts due to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and those similarly situated against the Defendant, awarding Plaintiff damages, attorneys' fees and costs.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 23rd day of October, 2014.

    /s/ Floyd S. Yarnell, Esq.
Floyd S. Yarnell, Esq.
Florida Bar No. 184209
Parrish, White & Yarnell, P.A.
3431 Pine Ridge Road, Suite 101
Naples, Florida 34109
Ph 239/566-2013; Fax 239/566-9561
Primary email: ply@napleslaw.us
Secondary email: karlaschooley@napleslaw.us
Secondary email: kimdetrinis@napleslaw.us