UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN WIRTZ, on behalf of himself
and others similarly situated,

    Plaintiff,                                CASE NO.: 2:14-cv-00638-JES-DNF

v.

SUBURBAN GAS PROPANE PARTNERS,
LLC, a Maryland Limited Liability Company;
d/b/a THOMPSON GAS – SMOKIES, LLC,

    Defendant.

_____/

### JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND FOR DISMISSAL WITH PREJUDICE

Plaintiff, STEVEN WIRTZ, and Defendant, SUBURBAN GAS PROPANE PARTNERS, LLC d/b/a THOMPSON GAS ("THOMPSON GAS"), pursuant to Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982), submit their joint motion for approval of the attached settlement agreement, and state as follows:

#### Background

1.    This is an action for unpaid minimum wages and overtime pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA") for the Defendant's alleged failure to pay STEVEN WIRTZ ("WIRTZ") alleged minimum wage and overtime compensation (the "Wage Claims").

2.    WIRTZ was employed by Defendant THOMPSON GAS from February 16, 2012 through June 17, 2014 as a Sales Manager.

1

3. WIRTZ contends while employed by THOMPSON GAS as a Sales Manager, he was misclassified as an exempt employee. He also contends that he frequently worked in excess of 40 hours per week, and was not paid regular or overtime compensation for the hours he allegedly worked in excess of 40 hours per week.

4. Defendant, on the other hand, contends Plaintiff was properly classified as an Outside Salesperson because Plaintiff's primary duty was making sales or obtaining orders or contracts for propane gas and Plaintiff was customarily and regularly engaged in business away from THOMPSON GAS' office. Defendant also contends that the fact that THOMPSON GAS provided Plaintiff with a company car, a gas card, and a cell phone further supports that Plaintiff was an Outside Salesperson.

5. Alternatively, Defendant asserts that WIRTZ falls within the Retail Sales Exemption, thus Plaintiff is not entitled to overtime wages. Specifically, THOMPSON GAS is a retail or service establishment and WIRTZ' regular rate of pay was in excess of one and one-half of minimum wage and more than half of WIRTZ' compensation for a period represents commissions on goods or services.

6. Defendant has vigorously denied any wrongdoing under the FLSA, and for the reasons stated above further denies that WIRTZ is entitled to any relief whatsoever.

7. The Parties exchanged documents per the Court's FLSA scheduling Order (Document #14), which included documents Defendant contends shows that Defendant paid Plaintiff while he was employed for all straight time hours.

8. Accordingly, there is a bona fide, good faith dispute regarding whether WIRTZ was properly classified as a salaried, exempt employee under the Outside Sales exemption or alternatively, the Retail Sales exemption. Additionally, assuming arguendo that WIRTZ was

misclassified there is a bona fide, good faith dispute regarding whether Plaintiff received straight time for all hours worked.

9. To avoid the costs and uncertainty of further litigation, the Parties have negotiated a settlement in this matter. Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the supervision of the U.S. Department of Labor). The Parties acknowledge that the terms of any settlement agreement resolving WIRTZ' FLSA Claim must be filed with the Court for approval. As such, the Parties have agreed to a written settlement agreement (the "FLSA Settlement Agreement") (**Exhibit A**).

10. Without acknowledging any wrongdoing under the FLSA, Defendants agreed to pay WIRTZ $5,000.00 in alleged unpaid wages, liquidated damages and attorneys' fees and costs, as full settlement of his Wage Claims. WIRTZ has agreed to accept this sum in light of the uncertainty of the potential success of his Wage Claims. WIRTZ acknowledges that this constitutes valuable consideration for release and dismissal of his claims under the FLSA.

11. The Parties respectfully request that this Court enter an Order approving the FLSA Settlement Agreement and dismissing this action with prejudice, as the settlement is both fair and reasonable.

### Memorandum of Law

Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the Fair Labor Standard Act's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees. See Lynn's Food Stores, 679 F.2d at 1352 (citing Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 902, 89 L.Ed. 1296 (1945)). Based upon these principals, there are

3

only two (2) ways in which back wage claims arising under the FLSA can be settled or compromised by employees - claims for back wages and other damages arising under the FLSA may only be settled or compromised with the approval of the district court or the Secretary of Labor. See Lynn's Food Stores, 679 F.2d at 1352-1353 (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. See id. at 1353-1354. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

    (1)    the existence of fraud or collusion behind the settlement;

    (2)    the complexity, expense, and likely duration of the litigation;

    (3)    the stage of the proceedings and the amount of discovery completed;

    (4)    the probability of plaintiff's success on the merits;

    (5)    the range of possible recovery; and

    (6)    the opinions of the counsel.

See Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. Jan. 8, 2007); see also Hill v. Florida Industrial Elec., Inc., No. 6:06-cv-915-Orl-31-JGG, 2007 U.S. Dist. LEXIS 9498, at *6, (M.D. Fla. Feb. 9, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. See Hamilton, 2007 U.S. Dist. LEXIS 10287 at *2-3.

As to the *first factor*, there is no fraud or collusion behind the settlement. WIRTZ was represented by counsel when he made his Wage Claims for unpaid minimum and overtime wages against the Defendant, who was also represented by counsel. The attorneys in this case are all experienced in handling FLSA matters. The Parties decided to resolve the Wage Claims due to the disputed issues of fact and law and the inherent risks and cost of litigation.

As to the *second factor*, the expense of this matter is great due to WIRTZ' claims dating back to 2012, the number of depositions and number of documents that are relevant in this case. The Parties were about to commence discovery in this case. The Parties would have to expend significant time and resources in preparation for depositions, interrogatories, requests for production, trial, as well as attendance at the depositions and trial. Additionally, there is the possibility that the non-prevailing party would appeal the verdict. The expense of litigation to the Defendant is far greater than the amount of the settlement.

As to the *third factor*, the litigation is currently in the early discovery phase and the Parties had exchanged some initial documents in response to the Court's FLSA Scheduling Order.

As to the *fourth factor*, there are several disputed issues. The Parties disagree whether WIRTZ was properly classified as an exempt employee under the Outside Sales Exemption or the Retail Sales Exemption. WIRTZ contends that he spent only minimal time making sales or obtaining orders and performing work away from THOMPSON GAS' office and that the overwhelming majority of his time was spent engaged in non-exempt work at the office. Defendant, on the other hand, contends that WIRTZ was primarily engaged to make propane sales or obtain propane orders which resulted in him performing his job duties away from the office and that such responsibilities far outweighed any non-exempt work he allegedly

performed, which Defendant characterize as nominal. The Parties agree that there is undoubtedly a bona fide dispute as to several key issues in this case, which contributes to significant uncertainty as to the likelihood that WIRTZ will prevail on the merits.

As to the *fifth factor*, should the Defendants prevail based on any their defenses, WIRTZ could recover nothing, and may owe a cost judgment to the Defendant. Conversely, if WIRTZ prevails as to every issue, he could obtain a judgment for minimum wages and overtime, liquidated damages, and attorneys' fees and costs. The range of possible recovery far exceeds the settlement amount. Consequently, the Parties recognize the inherent uncertainty and risks in proceeding with this litigation. In recognition of these concerns, the Parties have agreed to resolve this action.

As set forth in the FLSA Settlement Agreement, the Parties have agreed to resolve this action for $5,000, inclusive of attorneys' fees and costs. From the settlement amount, WIRTZ will receive a total of $3,000.00 ($1,500 for wages and $1,500 for liquidated damages) for alleged minimum wages, overtime wages, and liquidated damages. WIRTZ' counsel will receive $2,000.00 in fees and costs. Additionally, the award of attorneys' fees and costs did not compromise WIRTZ' recovery.

As to the *sixth factor*, the Parties' respective counsels are satisfied, when considering the aforementioned issues, that the Agreement fairly resolves the dispute between them in the instant action. "If the compromise is fair and reasonable to the employee and furthers the implementation of FLSA rights in the workplace, the court should approve the compromise." Moreno v. Regions Bank, 729 F.Supp.2d 1346 (M.D. Fla. 2010). The Parties stipulate to the dismissal with prejudice of the instant action upon such Court approval. Accordingly, the Parties request that the Court approve the FLSA Settlement Agreement as a fair and reasonable

resolution of a bona fide dispute over FLSA provisions.

## Conclusion

The instant case involves a situation in which the Court should permit WIRTZ to settle and release his Wage Claims against the Defendant. The Parties have agreed to settle this case and the proposed settlement arises out of an adversarial context. Indeed, had the case progressed further in litigation, it is possible WIRTZ could recover less than the amounts set forth in the proposed FLSA Settlement Agreement or no amount at all. Accordingly, because the Parties were counseled by their respective attorneys and agree that the FLSA Settlement Agreement represents a fair and equitable resolution of this matter, the Parties respectfully request that the Court approve the settlement.

WHEREFORE, the Parties pray that this Court will enter an order approving the attached FLSA Settlement Agreement, dismissing this action with prejudice, and granting any other relief the Court deems just.

Respectfully submitted,

s/ Lisa Griffin Hodgdon
Lisa Griffin Hodgdon, Esq.
Florida Bar No. 137774
lhodgdon@broadandcassel.com
Kelly B. Holbrook, Esq.
Florida Bar No. 527084
kholbrook@broadandcassel.com
BROAD AND CASSEL
100 North Tampa Street, Suite 3500
Tampa, Florida 33602
Phone: (813) 225-3020
Fax: (813) 225-3039

s/ David P. Fraser
Floyd S. Yarnell, Esq
Florida Bar No. 184209
ply@napleslaw.us
David P. Fraser, Esq.
Florida Bar No. 90185
DavidFraser@napleslaw.us
Parrish, White & Yarnell, P.A.
3431 Pine Ridge Road, Suite 101
Naples, Florida 34109
Phone: (239) 566-2013
Fax: (239)566-9561