# EXHIBIT "A"

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter "Agreement") is entered into by and between STEVEN WIRTZ ("WIRTZ") and SUBURBAN GAS PROPANE PARTNERS, LLC d/b/a THOMPSON GAS ("THOMPSON GAS") on behalf of itself, all of its affiliated entities, subsidiaries, successors and assigns (collectively, WIRTZ and THOMPSON GAS will be referred to as the "Parties").

WHEREAS, WIRTZ was employed by THOMPSON GAS as a Sales Manager from on or about February 16, 2012 until on or about June 17, 2014;

WHEREAS, WIRTZ filed a lawsuit against THOMPSON GAS, alleging violations of the Fair Labor Standards Act (the "FLSA Claim") and a Breach of Contract Claim (the "Non-FLSA Claim") in the United States District Court in and for the Middle District of Florida, Case Number 2:14-cv-638-FTM-29DNF (the "Lawsuit");

WHEREAS, WIRTZ and THOMPSON GAS have agreed to resolve the Non-FLSA Claims in a separate agreement (the "Non-FLSA Settlement Agreement");

WHEREAS, THOMPSON GAS specifically denies that it is liable to WIRTZ under the FLSA;

WHEREAS, the Parties have agreed to the terms of this Settlement Agreement through compromise and in order to, among other things, end the controversy between them relating to the FLSA Claim set forth in the Lawsuit and to avoid incurring additional cost and the uncertainty of litigation;

WHEREAS, the Parties have entered into good faith settlement negotiations, which have resulted in the Parties coming to terms which are acceptable to all Parties. This Settlement Agreement is to resolve any and all prior and existing disputes, claims, and controversies between the Parties which arise out of or relate to the FLSA Claim, or any other claims for unpaid wages under the FLSA that exist prior to the execution of this Settlement Agreement.

### 1. Consideration.

WIRTZ agrees to accept from THOMPSON GAS the total sum of Five Thousand Dollars and no/100 cents ($5,000.00) (the "Settlement Payment") in full settlement and satisfaction of any claim he has, may have or ever had, whether known or unknown, against THOMPSON GAS relating to the FLSA Claim set forth in the Lawsuit, or any other claims for unpaid overtime or minimum wage violations under the FLSA existing prior to the execution of the Settlement Agreement, including but not limited to WIRTZ' claim for attorneys' fees and costs. WIRTZ understands and agrees that the Settlement Payment shall constitute the only amount to be paid by THOMPSON GAS to them under this Settlement Agreement and is consideration for the claims relating to the Lawsuit or any other claims for unpaid overtime or minimum wage violations under the FLSA.

Page 1 of 8

### 2. Breakdown of Settlement Payment; Delivery of the Settlement Payment.

Within fourteen (14) days of the Court's approval of this Agreement, THOMPSON GAS agrees to deliver the following checks to Parrish, White & Yarnell, P.A.: (a) one check made payable to Parrish, White & Yarnell, P.A., in the total amount of Two Thousand Dollars and no/100 cents ($2,000.00) for all attorney's fees and costs incurred by Plaintiff's counsel; (b) one check made payable to WIRTZ in the amount of One Thousand Five Hundred Dollars and no/100 cents ($1,500.00), less applicable tax and withholding, in full settlement of his unpaid wages and overtime claim (FLSA Claim) in the Lawsuit; and (c) check made payable to WIRTZ in the amount of One Thousand Five Hundred Dollars and no/100 cents ($1,500.00) for liquidated damages from which no taxes and deductions will be deducted.

All of the checks tendered to the Parrish, White & Yarnell, P.A., pursuant to this paragraph shall be held in trust by Parrish, White & Yarnell, P.A., until the FLSA Claim is dismissed by the Court pursuant to paragraph 3. An IRS Form W-2 shall be issued to WIRTZ in connection with the payment made payable to him for wages and an IRS Form 1099 shall be issued to WIRTZ in connection with the payment for liquidated damages. An IRS Form 1099 shall be issued to Parrish, White & Yarnell, P.A. in connection with the payment made to them. WIRTZ acknowledges and agrees that THOMPSON GAS and its attorneys are not making any representations regarding the taxability or non-taxability of any or all of the Settlement Payment.

### 3. Approval of Settlement and Dismissal.

WIRTZ acknowledges and understands that before the obligation to pay the Settlement Payment becomes enforceable against THOMPSON GAS, the Court must approve the Agreement. Within ten (10) business days of the execution of this Agreement by the Parties, the Parties shall file a Joint Motion to Approve Settlement Agreement of the FLSA Claim in the Lawsuit. Unless already dismissed by the Court, within seven (7) business days of the Court's approval of the Agreement, WIRTZ shall file either a Stipulation of Dismissal with Prejudice or a Notice of Dismissal with Prejudice of the FLSA Claim in the Lawsuit. To the extent the Parties are required to take additional steps to secure the Court's approval of the Agreement or to otherwise effectuate a dismissal with prejudice of the FLSA Claim, WIRTZ shall cooperate with THOMPSON GAS in doing so.

### 4. Release of all unpaid overtime and minimum wage claims under the FLSA.

Except as otherwise provided in paragraph 6, in consideration of the Settlement Payment described in the Agreement, the payment of the Settlement Payment and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, WIRTZ on his own behalf and for his spouse, heirs, legal representatives, agents, attorneys, personal representatives, successors or assigns hereby releases, acquits, forever discharges, holds harmless and promises not to sue THOMPSON GAS, its corporate parent, subsidiaries, related companies, and affiliates or subsidiaries, together with all of its predecessors, successors, and assigns in all past and

WIRTZ    THOMPSON GAS

present representatives, agents, officers, directors, trustees, attorneys, insurers, shareholders, and employees of the foregoing, (collectively "Released Parties") from any and all charges, claims, demands, actions, liens, causes of actions and liabilities of any kind whatsoever, whether known or unknown, suspected or unsuspected, which WIRTZ now has, may have or has ever had against THOMPSON GAS or any of the other Released Parties by reason of any and all acts, omissions, events, circumstances or facts existing or occurring up to the date of the Parties' execution of the Settlement Agreement involving any violations of the overtime and minimum wage provision of the FLSA or state wage laws.

### 5. Knowing and Voluntary Execution; Encouragement to Consult Attorney.

WIRTZ acknowledges that the Release set forth above in paragraph 4 is intended to cancel any and all rights he has, has had or may have against THOMPSON GAS and any of the Released Parties regarding any claims under the FLSA. WIRTZ acknowledges that THOMPSON GAS has hereby encouraged him to consult with an attorney about this Agreement, and that he has, in fact, consulted with his attorney before signing this Agreement. WIRTZ acknowledges that he has been given a reasonable period of time in which to consider this Agreement before executing it, and further agrees that his execution of this Agreement is done knowingly and voluntarily in full agreement with all terms and conditions in this Agreement, and that the execution of this Agreement is not a result of any fraud, duress, mistake, or undue influence. WIRTZ also acknowledges that he has not relied on any inducements, promises, or representations by THOMPSON GAS or any other entity or person, other than what is set forth in this Agreement. WIRTZ acknowledges that he understands completely the Release and the underlying Agreement, and the legal effect thereof.

### 6. Representations.

WIRTZ represents that, other than the Lawsuit, he has no suits, charges, claims, complaints or demands of any kind whatsoever currently pending against THOMPSON GAS, or any of its Released Parties with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board seeking to recover damages for alleged unpaid overtime, unpaid wages, or minimum wage violations under the FLSA. Except as otherwise provided in this paragraph or to the extent that such waiver is precluded by law, WIRTZ further warrants and represents that he will not file, refile, initiate, or cause to be filed, refiled, or initiate any claim, charge, suit, complaint, action or cause of action based upon, arising out of, or relating to any claim, demand, or cause of action released herein, nor shall he participate, assist or cooperate in any claim, charge, suit grievance, complaint, action or proceeding regarding THOMPSON GAS or any of its Released Parties, whether before a court or an administrative agency or otherwise, unless required to do so by law relating to the claims released herein.

By entering into this Agreement, WIRTZ waives, to the extent permissible by law, any right to seek or be entitled to any recovery in any individual, class, or collective action or other representative proceeding, judicial, administrative, or otherwise, in any way arising from or relating to any of the matters released under this Settlement Agreement, including, but not limited to, any right to participate in the settlement or remedy of any individual, class or

Page 3 of 8

WIRTZ                                                    THOMPSON GAS

collective action. Nothing in this Settlement Agreement shall prohibit or restrict WIRTZ from: (1) making any disclosure of information required by law; or (2) providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal, state, or local governmental agency.

Specifically, WIRTZ understands that nothing in this Agreement, including but not limited to the releases in this paragraph and paragraph 4, are intended to prevent WIRTZ from exercising his rights under Section 7 of the National Labor Relations Act, or participating in an investigation with any governmental agency charged with enforcement of any law. WIRTZ also understands that nothing in this Agreement, including but not limited to the releases in this paragraph and paragraph 4, are intended to prevent WIRTZ from filing a charge with or participating in an investigation with any government agency charged with enforcement of any law. WIRTZ also understands that nothing n this Agreement, including but not limited to the releases in this paragraph and paragraph 4 are intended to prevent WIRTZ from filing a charge with or participating in an investigation conducted by the Equal Employment Opportunity Commission ("EOOC") or other federal, state or local civil rights enforcement agencies or departments, including but not limited to the Florida Commission of Human Relations, the Florida Attorney General's office, the Department of Labor, and the National Labor Relations Board. WIRTZ understands that he is waiving the right to any monetary recovery or other legal or equitable relief should the EEOC or any other governmental agency or commission pursue any claims on WIRTZ' behalf.

### 7. Confidentiality and Non-Disclosure.

Except as is necessary to secure the Court's approval of this Settlement Agreement, or except as prohibited by law or as otherwise provided in paragraph 6, WIRTZ agrees to keep the terms and amount of this Settlement Agreement in strict confidence. As such, WIRTZ agrees not to disclose this document, its contents, or the claims or the facts underlying the overtime allegations set forth in the FLSA Claim, to any person except his attorney, spouse or his accountant (collectively, "Permitted Person"). All that WIRTZ may disclose about these issues is that they have been resolved without admission of liability by THOMPSON GAS. Except as provided for in paragraph 6, WIRTZ agrees that he will not discuss this Agreement, the terms and conditions of this Agreement, or the circumstances related thereto, with any other person except a Permitted Person. In the event WIRTZ discusses this Agreement with any Permitted Person, it shall be his duty, responsibility, and obligation, as the case may be, to advise those persons of the confidential nature of this Agreement and to direct them not to discuss the terms of this Agreement with any other person. The Parties acknowledge that this Settlement Agreement will be filed with the Court and agree that the filing of the Settlement Agreement will not otherwise waive the confidentiality provision herein.

### 8. Tax Liability.

With the exception of the taxes and other withholdings from the amount payable to WIRTZ under paragraph 2(b) above, WIRTZ acknowledges that he is responsible for payment of any and all other taxes due, if any, on the Settlement Payment. WIRTZ agrees to hold

Page 4 of 8

WIRTZ

THOMPSON GAS

THOMPSON GAS harmless for any failure to pay, or failure to withhold, federal income tax, FICA, Medicare tax and any other tax, with respect to Settlement Payment.

### 9. No Admission of Wrongdoing or Liability; Settlement and Settlement Agreement is Inadmissible and Irrelevant in any Lawsuit, Claim or Proceeding.

THOMPSON GAS denies any liability to WIRTZ. The Parties agree that this Agreement and/or the furnishing of any consideration under this Agreement shall not be construed as, interpreted as or used to prove (a) any liability by THOMPSON GAS, or (b) unlawful conduct by THOMPSON GAS. The Parties further agree that this Agreement and THOMPSON GAS' payment of the Settlement Payment pursuant to Paragraph 1 herein is not an admission that WIRTZ was entitled to or otherwise owed any damages under the law and shall not be used in any manner whatsoever to prove any liability or fact in any present or future lawsuit, litigation or proceeding against any of the Released Parties. The Parties agree that all aspects of the settlement and this Agreement and its contents are inadmissible in and irrelevant to any present or future lawsuit, litigation or proceeding against any of the Released Parties, with the exception of an action to enforce this agreement. In any enforcement action, the prevailing party shall be entitled to reasonable attorney's fees and costs.

### 10. Governing Law, Severability, and Interpretation.

This Agreement shall be governed and construed in accordance with the laws of the State of Florida. If any provision, clause, phrase, words or word in this Settlement Agreement is declared illegal or unenforceable and if the provision, clause, phrase, words or word cannot be modified to be enforceable, then the illegal or unenforceable provision, clause, phrase, words or word shall immediately drop out of the Settlement Agreement (to the narrowest extent possible) and become null and void, leaving the remainder of this Settlement Agreement in full force and effect. At least ten days before commencing an action based on an alleged breach of this Settlement Agreement, the complaining party must give written notice and a right to cure to counsel for the other party via facsimile and certified mail of that party's intent to file an action.

### 11. Entire Agreement.

This Agreement sets forth the entire agreement between the Parties with respect to the subject matter referenced herein (i.e. Plaintiff's FLSA Claim) and, as to the subject matter herein, shall supersede any and all prior agreements or understandings, whether written or oral, between the Parties, except as otherwise specified in this Agreement. The Parties acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them in connection with their decision to sign this Agreement except for those set forth in this Agreement.

### 12. Effective Date.

This Agreement becomes effective immediately upon execution by the Parties.

WIRTZ                    Page 5 of 8                    THOMPSON GAS

### 13. Execution in Counterparts; Facsimile Copies.

This Agreement may be executed in counterparts, each of which shall constitute one and the same instrument. Additionally, the different counterparts of this Agreement may be executed separately by the Parties, and all such separately executed counterparts, when taken together, shall be treated in all manner and respect as an original document. Finally, any signature delivered by electronic transmission (including but not limited to e-mail and facsimile transmission) shall be treated in all manner and respect as an original document.

### 14. Authorship.

The Parties agree that this Settlement Agreement is the product of negotiation and shall not be construed against either party on the basis of sole authorship.

### 15. Benefit.

All of the forgoing shall inure to the benefit of THOMPSON GAS, its corporate parents, subsidiaries, affiliates and related entities, together with all predecessors, successors, and assigns and all past and present representatives, agents, officers, directors, trustees, attorneys, insurers, shareholders, and employees of each of the foregoing, as appropriate, and each of the Released Parties, and be binding upon THOMPSON GAS' heirs, executors, administrators, legal representatives, successors, and assigns.

[SIGNATURES ON NEXT PAGE]

_____  Page 6 of 8  _____
WIRTZ                                     THOMPSON GAS

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN, THE PARTIES FREELY KNOWINGLY, AND AFTER DUE REFLECTION, ENTER INTO THIS AGREEMENT.

STEVEN WIRTZ

Date: 6/26/15

STATE OF FLORIDA

COUNTY OF Collier

The foregoing instrument was acknowledged before me this 26th day of June 2015, by STEVEN WIRTZ. He is personally known to me or has produced FL D.L. as identification.

Nancy P. Castellano
(Signature of Notary Public)

NANCY P. CASTELLANO
Commission # FF 141074
Expires July 27, 2018
Bonded Thru Troy Fain Insurance 800-385-7019

_____
(Printed name of Notary Public)
Notary Public, State of Florida

Commission No. _____
My commission expires:

[SIGNATURES CONTINUED ON NEXT PAGE]

WIRTZ

Page 7 of 8

THOMPSON GAS

SUBURBAN GAS PROPANE PARTNERS, LLC d/b/a THOMPSON GAS

By: _____
G. JEFFERY KERNS
As its: EXECUTIVE VICE PRESIDENT & CFO

Date: JULY 1, 2015

STATE OF ~~FLORIDA~~ MARYLAND

COUNTY OF FREDERICK

The foregoing instrument was acknowledged before me this 1st day of July 2015, by G. JEFFERY KERNS as EXECUTIVE VICE PRESIDENT & CFO of, SUBURBAN GAS PROPANE PARTNERS, LLC d/b/a THOMPSON GAS, on behalf of the corporation. He/she is personally known to me or ~~has produced~~ _____ ~~as identification~~.

_____
(Signature of Notary Public)

Patricia E. Webber
(Printed name of Notary Public)
Notary Public, State of Florida

Commission No. N/A

[END OF DOCUMENT]