UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN WIRTZ, on behalf of himself and
others similarly situated

    Plaintiff,

v.                                                      Case No:   2:14-cv-638-FtM-29MRM

SUBURBAN GAS PROPANE
PARTNERS, LLC,

    Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court on the parties' Joint Motion to Approve Settlement Agreement and for Dismissal With Prejudice (Doc. 27), and Settlement Agreement (Doc. 27-1) filed on July 8, 2015.  Plaintiff Steven Wirtz and Defendant Suburban Gas Propane Partners, LLC, d/b/a Thompson Gas – Smokies LLC ("Thompson Gas") are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim only.[1]

To approve the settlement of the FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA").  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. §216.   There are two ways for a claim under the FLSA to be settled or compromised.  *Id*. at 1352-3.   The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id*. at 1353.

---

[1] In the Complaint (Doc. 1), Plaintiff brought a claim in Count II for breach of contract. The parties agreed to settle the Non-FLSA claims by a separate agreement. (Doc. 27-1, p. 1).

The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

Plaintiff alleges that he worked for Defendant as a sales manager and was misclassified as an exempt employee. He claims that he frequently worked over 40 hours per week and was not paid regular or overtime wages for these hours. (Doc. 17, p. 2).

Defendant contends that Plaintiff was properly classified as an outside salesperson which is exempt from the FLSA. Defendant argues that Plaintiff's duties consisted of making sales or obtaining orders and contracts for propane gas which required Plaintiff to be away from Thompson Gas' office. As further evidence that Plaintiff was outside sales, Thompson Gas asserts that it provided Plaintiff with a company car, a gas card, and a cell phone. (Doc. 27, p. 2). Alternatively, Defendant argues that Plaintiff falls within the Retail Sales Exemption and is not entitled to any additional compensation. The parties also dispute whether Plaintiff received straight time for all

of the hours worked. There are *bona fide* disputes as to whether Plaintiff was exempt from overtime wages, and whether he was paid straight time for all of the time worked.

The parties agreed to settle this action to avoid the costs and the uncertainty of further litigation. The total amount of the settlement is $5,000.00, inclusive of attorney's fees and costs. Plaintiff will receive $1,500.00 for wages, and $1,500.00 for liquidated damages. Thus, Plaintiff will receive a total of $3,000.00. The Court reviewed the Settlement Agreement (Doc. 27-1) and determines that the terms of the Settlement Agreement are reasonable as to wages and liquidated damages.

The Defendants agree to pay $2,000.00 in attorney's fees and costs. The amount of attorney's fees was agreed upon, and did not compromise the amount of plaintiff's recovery. (Doc. 27, p. 6). As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, Judge Presnell concluded that

> if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*.  In the instant case, the settlement was reached, and the attorneys' fees were agreed upon without compromising the amount paid to Plaintiff.  The Settlement Agreement (Doc. 27-1) appears reasonable on its face.

**IT IS RESPECTFULLY RECOMMEDED:**

1) That the Joint Motion to Approve Settlement Agreement and for Dismissal With Prejudice (Doc. 27) be **GRANTED**, and the Settlement Agreement (Doc. 27-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

2) The Court further recommends that if the District Court adopts this Report and Recommendation, that the Clerk be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on July 14, 2015.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties